# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Highland Al Hujaz Co., Ltd. ) | ASBCA Nos. 59746, 59818 |
| ) | |
| Under Contract No. W917PM-09-C-0049 ) | |

APPEARANCES FOR THE APPELLANT:    Herman M. Braude, Esq.
Edward D. Manchester, Esq.
  Braude Law Group, P.C.
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Daniel B. McConnell, Esq.
  Assistant Counsel
  U.S. Army Engineer District, Middle East
  Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE THRASHER ON APPELLANT'S MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO FILE THE COMPLAINT

This matter comes before the Board on appellant's motion for an order requiring the government to file the complaint in this appeal. The government opposes the motion. For the reasons that follow we grant the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The government awarded Contract No. W917PM-09-C-0049 (contract) to Highland Al Hujaz Co., Ltd. (HLH), on 3 June 2009, for design and construction of the Afghanistan National Army Corps Support Battalion, Camp Hero, Kandahar, Afghanistan (R4, tab 11).[*] The government terminated the contract for default on 23 April 2012 (R4, tab 2). On 18 August 2012, the government issued an invitation for bids to reprocure the uncompleted portion of the contract and to correct defects in the work completed (R4, tab 903). Five bids were received and the government awarded the reprocurement contract on 24 September 2012 (ASBCA No. 58243, R4, tab 841).

---

[*] The Rule 4 file in ASBCA Nos. 59746 and 59818 is consolidated with the Rule 4 file in ASBCA No. 58243, the appeal on the associated default termination action giving rise to the demand for excess reprocurement costs.

The work under the reprocurement contract was completed and accepted by the government on 31 January 2014 (R4, tab 904).

2. On 21 May 2014 the government issued HLH a demand letter to collect the excess reprocurement costs in completing the work which was deficient and/or left unfinished as of the date of termination for default of the contract. The demand letter asserted the government's right to assess excess reprocurement costs, that the reprocurement contract was competitively awarded, identified the reprocurement contractor and described how the asserted amount of excess reprocurement costs were calculated. (R4, tab 889) HLH responded on 23 May 2014 rejecting the government's right to excess reprocurement costs (R4, tab 901). In addition to the issue of the propriety of the underlying default termination being litigated in ASBCA No. 58243, HLH's response asserted a number of reasons why the government's demand for excess reprocurement costs was erroneous or questionable. Further, the letter asked the government to confirm the demand letter was not a contracting officer's final decision (COFD) (R4, tab 901).

3. Two years earlier, on 18 June 2012, the government issued HLH a demand letter for reimbursement of $903,553.79 in overpayments to HLH during performance of the contract (R4, tab 98). HLH responded disagreeing with the government's assessment and requested further information (R4, tab 900). There is no record of a request for a COFD, issuance of a COFD or an appeal to the Board on this issue.

4. The government issued HLH a second demand letter on 30 May 2014 that mirrored the 21 May 2014 demand letter but also addressed each issue raised by HLH in its response. However, the second demand letter did not address whether it was a COFD. (R4, tab 893) Again on 4 June 2014, HLH rejected the government's demands and repeated its arguments for the rejection of the assessment of excess costs (R4, tab 902). On 20 June 2014 HLH requested issuance of a COFD on the government's claim for excess reprocurement costs (R4, tab 921 at 2). Having not received a COFD by 21 October 2014, HLH asked the government to confirm when it would issue a COFD (R4, tab 922). No response or COFD was forthcoming so HLH filed a notice of appeal with the Board on 15 December 2014 which was docketed as ASBCA No. 59746. On 22 January 2015, the government issued a COFD repeating its demand for excess reprocurement costs. The COFD referenced the overpayment issue asserted on 18 June 2012 in a recitation of facts but did not appear to include the amount of overpayment within the excess reprocurement calculations or otherwise address entitlement to any amount for the overpayment issue in its decision. HLH appealed the COFD to the Board on 5 February 2015 which was docketed as ASBCA No. 59818. HLH's notice of appeal only referenced excess reprocurement costs; there was no reference to the overpayment demand.

2

5. On 20 February 2015, HLH filed a motion to extend time for filing the complaint until 30 days after the government files the Rule 4 file. The motion was not opposed by the government and was granted by the Board on 11 March 2015. The Board received its copy of the Rule 4 file on 15 April 2015. On 23 April 2015, HLH filed a motion for order directing the government to file the complaint in this appeal. The government responded on 19 May 2015 opposing the motion asserting that both the excess reprocurement cost and overpayment issues were before the Board in the appeals, and HLH replied to the government's response on 2 June 2015.

## DECISION

Under the unique procedural requirements of the Contract Disputes Act (CDA), all claims, whether contractor or government claims, must be the subject of a COFD. 41 U.S.C. § 7103. The contractor, however, is the only party who may initiate proceedings at the Board, 41 U.S.C. § 7104, and Board Rule 6(a) requires appellant to file the complaint in an appeal. If the contractor appeals from a final decision on a government claim, the contractor typically files a complaint with enough information about the government claim to form a sufficient predicate for the government's answer and allow for adequate framing of the issues. Therefore, the fact the appeal involves a government claim alone, is not enough to compel the government to file the complaint.

Nonetheless, we have recognized that there may be situations when the proceedings would be facilitated by the government filing the complaint or initial pleading. *E.g.*, *Kellogg Brown & Root Services, Inc.*, ASBCA No. 59557, 15-1 BCA ¶ 35,865; *Beechcraft Defense Co.*, ASBCA No. 59173, 14-1 BCA ¶ 35,592; *RO.VI.B. Srl*, ASBCA No. 56198, 09-1 BCA ¶ 34,068. If we determine that the proceeding would not be facilitated, we do not order the government to file the initial pleading. *See, e.g.*, *General Dynamics Corp.*, ASBCA No. 49339, 96-1 BCA ¶ 28,244 (contractor in possession of information upon which government claim is based).

While ordinarily we might look with disfavor on the instant motion when appellant has acknowledged its responsibility to file the complaint and requested an extension to do so (SOF ¶ 5), the fact that it is unclear whether the appeals concern excess reprocurement costs alone, or these costs plus an overpayment claim by the government, present a unique situation. As near as we can determine on the present record, the only issue before us is the government's affirmative claim for excess reprocurement costs. However, a substantial portion of the government's 19 May 2015 response addresses a government demand for collection of overpayments during performance of the contract. The government did assert a demand for overpayments during performance (SOF ¶ 3) but there is no record of a COFD or an appeal to the Board on this issue. Nonetheless, the government's response to the motion states "Appellant does not address the Government's demand for overpayment in its Motion. However, both the Government's demands for overpayment and assessed

3

reprocurement costs rely upon the same facts and therefore, both demands are addressed herein." (Gov't resp. at 1) This statement is then followed by a page and a half of discussion of the facts related to the overpayment (*id.* at 2-3). Then later in summary, the government argues:

> The information to accurately and fairly determine the extent of both overpayments and excess reprocurement costs caused by Appellant's non-conforming and unfinished work resides with both the Government and the Appellant, as both ultimately had equal access to the information, albeit at different points in time. Therefore, the proceedings would be not be facilitated by the Government filing the initial pleading, and would be better facilitated by Appellant setting forth the facts and rationale as to its duty to perform as well as Appellant's completion of the work under the original contract and how it differs from the scope of work in the reprocurement contract.

(*Id.* at 4)

These arguments seem to evidence a government belief that the overpayment demand is included within the COFD, and is before the Board for decision, or that the demand is somehow part of the excess reprocurement claim. The COFD does mention the overpayment demand but the CO's calculations used to arrive at the excess reprocurement costs do not appear to include the overpayment amounts demanded and the CO does not address the overpayment issue in her decision (SOF ¶ 4). Likewise, the overpayment demand has not been appealed to the Board; the only issue before us in this appeal is the claim for excess reprocurement costs (*id.*). Consequently, it is unclear how the overpayment issue relates to the government's theory of their case on the excess reprocurement costs.

Given these circumstances, we conclude that the proceedings would be facilitated by the government setting forth in an initial pleading, the facts and rationale for its claim for excess reprocurement costs, and if claimed, overpayments.

4

## CONCLUSION

The Board grants appellant's motion to direct the government to file the complaint 30 days from the date of this opinion. Appellant's answer shall be due 30 days following receipt of the government's complaint.

Dated: 13 July 2015

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59746, 59818, Appeals of Highland Al Hujaz Co., Ltd., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5